**FELLERMAN & CIARIMBOLI LAW, P.C.**
Kirby Park Commons
183 Market Street
Suite 200
Kingston, PA 18704
(570) 714-4878
(570) 714-7255 (Fax)
www.fclawpc.com

Edward J. Ciarimboli, Esquire
Attorney I.D. #[illegible]904
[illegible]@fclawpc.com

Job T. Stepanski, Esquire
Attorney I.D. #329[illegible]26
jstepanski@fclawpc.com

Filed and Attested by the
Office of Judicial Records
22 JUL 2025 02:31 pm
B. BALILONIS

| | |
|---|---|
| **NANCY KORBY, as Personal Representative of the ESTATE OF MICHAEL WAYNE KORBY, Deceased**<br>**24630 County Highway 88**<br>**Fergus Falls, MN 56537**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**FEDERAL EXPRESS CORPORATION**<br>**1000 FedEx Drive**<br>**Coraopolis, PA 15108**<br><br>**FEDEX SUPPLY CHAIN, INC.**<br>**100 Papercraft Park**<br>**Pittsburgh, PA 15238**<br><br>**DEFENDANTS.** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**NO.:** |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service

One Reading Center Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

FELLERMAN & CIARIMBOLI LAW, P.C.

BY: ______________________________
Edward J. Ciarimboli, Esquire
Job T. Stepanski, Esquire
Fellerman & Ciarimboli Law, P.C.



Case ID: 250702420

**FELLERMAN & CIARIMBOLI LAW, P.C.**
Kirby Park Commons
183 Market Street
Suite 200
Kingston, PA 18704
(570) 714-4878
(570) 714-7255 (Fax)
www.fclawpc.com

Edward J. Ciarimboli, Esquire
Attorney I.D. #85904
ejc@fclawpc.com

Job T. Stepanski, Esquire
Attorney I.D. #329726
jstepanski@fclawpc.com

| | |
|---|---|
| **NANCY KORBY, as Personal Representative of the ESTATE OF MICHAEL WAYNE KORBY, Deceased**<br>**24630 County Highway 88**<br>**Fergus Falls, MN 56537**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**FEDERAL EXPRESS CORPORATION**<br>**1000 FedEx Drive**<br>**Coraopolis, PA 15108**<br><br>**FEDEX SUPPLY CHAIN, INC.**<br>**100 Papercraft Park**<br>**Pittsburgh, PA 15238**<br><br>**DEFENDANTS.** | **IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED**<br><br>**NO.:** |

## COMPLAINT

AND NOW COMES the Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, deceased, by and through her undersigned legal counsel, to hereby file this Complaint against the Defendant, Federal Express Corporation, as follows:

## PARTIES

1. Plaintiff, Nancy Korby ("Ms. Korby") is a competent adult individual who resides at 639 West Birch Avenue, Fergus Falls, Minnesota 56537.

2. Decedent, Michael Wayne Korby, ("Decedent"), was a competent adult individual who resided at 24630 County Highway 88, Fergus Falls, Minnesota 56537.

3. Ms. Korby was duly appointed as the Personal Representative of the Estate of Michael Wayne Korby on May 8, 2024. A true and correct copy of the Order is attached hereto as Exhibit A.

4. Defendant, Federal Express Corporation, ("FedEx") is a Delaware Corporation with a principal place of business located at 1000 Fed Ex Drive, Coraopolis, Pennsylvania 15108.

5. FedEx's USDOT number is listed as 86876 with a mailing address of 1000 Fed Ex Drive, Coraopolis, Pennsylvania 15108.

6. FedEx's MC number is listed as MC-66562 with a mailing address of 1000 Fed Ex Drive, Coraopolis, Pennsylvania 15108.

7. Defendant, FedEx Supply Chain, Inc. ("Supply Chain") is a Delaware Corporation with a principal place of business located at 100 Papercraft Park, Pittsburgh, Pennsylvania 15238.






Scott Temple, President

| | |
|---|---|
| Team members | **>12.5k** |
| Operations | **130 in the U.S. and Canada** |

Headquarters: Pittsburgh, PA

FedEx Supply Chain was originally founded in 1898 as GENCO, was acquired by FedEx in 2015, and became a direct subsidiary of Federal Express Corporation in 2024. The company provides warehousing, distribution, fulfillment, returns, recycling, and transportation management.

Check out FedEx Supply Chain services.

8. Supply Chain's USDOT number is listed as 955549 with a mailing address of 100 Papercraft Park, Pittsburgh, Pennsylvania 15238.

9. Supply Chain's MC number is listed as MC-408676 with a mailing address of 100 Papercraft Park, Pittsburgh, Pennsylvania 15238.

10. At all relevant times hereto, FedEx Corporation reported in its SEC filing that Supply Chain provides comprehensive logistics services to FedEx.

***FedEx Supply Chain***

FedEx Supply Chain is a supply chain solutions provider specializing in Product Lifecycle Logistics® for technology, retail, consumer and industrial goods, and healthcare industries. With approximately 11,500 employees at nearly 150 facilities as of May 31, 2025, FedEx Supply Chain provides a comprehensive range of integrated logistics services to enable growth, minimize cost, mitigate supply chain risk, and improve customer services. Service offerings include inbound logistics, warehousing and distribution, fulfillment, contract packaging and product configuration, systems integration, returns process and disposition, test, repair, refurbishment, and product liquidation.

11. Indeed, the filing was endorsed by FedEx Corporation's President and Chief Executive Officer.

**SIGNATURES**

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, as amended, the Registrant has duly caused this Report to be signed on its behalf by the undersigned, thereunto duly authorized.

FEDEX CORPORATION

Dated: July 21, 2025

By: /s/ Rajesh Subramaniam
Rajesh Subramaniam
President and Chief Executive Officer

12. Upon information and belief, Supply Chain manages and controls all aspects of ground logistics for FedEx including, carrier/TSP selection, trailer assignment, routing, dispatching, and monitoring.

13. Jacob T. Walls ("Mr. Walls"), upon information and belief, is a competent adult individual who resides at 525 7th Avenue East, West Fargo, North Dakota 58078.

14. At all times relevant hereto, Defendants were or should have been an authorized interstate motor carrier authorized to transport goods in interstate commerce and in the State of Minnesota pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT").

15. Accordingly, Defendants were subject to all state and federal laws, statutes, regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, the Federal Motor Carrier Safety Regulations ("FMCSR") set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

16. Defendants, in order to obtain a DOT number had to submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that they have access to and are familiar with all applicable



Case ID: 250702420

USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendants will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

17. More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendants:

a. had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b. can produce a copy of the FMCSRs;

c. had and will have in place a driver safety training/orientation program;

d. had and will have prepared and maintain an accident register;

e. is familiar with D.O.T. regulations governing driver qualifications and had and will have in place a system for overseeing driver qualifications requirements;

f. had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g. is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h. must comply with all pertinent federal, state, local and tribunal statutory and regulatory requirements when operating within the United States.

18. In order to obtain a DOT number, Defendants and/or their authorized representatives swore under the penalty of perjury to comply with the above "Safety Certifications."

19. These are non-delegable duties for entities like FedEx and Supply Chain with DOT and motor carrier numbers.

20. At all times relevant hereto, Mr. Walls was a licensed commercial motor vehicle operator driving a 2013 Mercedes Benz Sprinter Van with VIN number WD3PE8CC1D5770666 (hereinafter “Mercedes”) leased, assigned, and/or operated by FedEx.

21. Accordingly, Mr. Walls was subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles including, without limitation, the Federal Motor Carrier Safety Regulations set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

22. At all times relevant hereto, the Mercedes was owned, leased, assigned, and/or operated by Defendants and was operated and/or controlled by Mr. Walls with the consent of Defendants and for the financial benefit of Defendants.

23. At all times relevant hereto, Mr. Walls was employed and/or contracted to perform services for and was operating the Mercedes for Defendants under FedEx’s USDOT operating authority and was subject to their supervision, control or right to control, such that Defendants should be considered his actual and statutory employer(s) and therefore vicariously liable for Mr. Walls’ negligence and recklessness.

24. At all relevant times hereto, Mr. Walls was the agent, servant, workman, and/or employee of Defendants and was acting in the course and scope of his employment, under the direction, control, and authority of Defendants.



Case ID: 250702420

25. Defendants acted in a manner that directly and proximately caused the crash and the resulting fatal injuries suffered to Mr. Korby.

26. At all relevant times hereto, Defendants were liable for the actions and/or inactions of Mr. Walls as though the actions and/or inactions were performed by Defendants themselves.

27. At all relevant times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to 67 Pa. Code §231, *et seq.*

28. At all relevant times, Defendants were subject to FMCSA Section 376.12 which pertains to leasing requirements.

29. At all relevant times, Mr. Korby acted with due care and in no way caused or contributed to the crash that forms the basis of the lawsuit.

30. Plaintiff seeks damages for all harms and losses permissible under Pennsylvania law, including, but not limited to, funeral and burial expenses, costs of estate administration, profound psychological and emotional loss, conscious pain and suffering, and such other injuries, damages, and losses as described more fully and compensable at law under the Wrongful Death Act and Survival Act, and the decisional law of this Commonwealth interpreting those Acts, caused by the negligence and recklessness of the Defendants.

**<u>JURISDICTION AND VENUE</u>**

31. The court possess jurisdiction over the parties, as well as the claims set forth herein, pursuant to 42 Pa. C.S.A. § 5301.

32. Venue is appropriate in this Court pursuant to Pa. R.C.P. No. 2179(a)(2).

33. Specifically, venue is appropriate in this Court because Defendants regularly and systematically conducted and continue to conduct business in Philadelphia County, Pennsylvania.

34. Defendants owned, operated, leased, managed, and/or controlled over fifty (50) locations within Philadelphia County where Defendants conducted and actively conduct business.




35. Upon information and belief, Defendants advertise their multiple locations within Philadelphia County.

36. At all relevant times hereto, as part of their logistics network, tractors and trailers owned, operated, inspected, repaired and/or supervised by Defendants regularly and routinely passed through and made stops in Pennsylvania and Philadelphia County and continue to pass through and make stops in Pennsylvania and Philadelphia County.

37. At all relevant times hereto, Defendants used Pennsylvania roads, tolls, and resources, including, but not limited to the Pennsylvania Judicial System.

38. At all relevant times, Defendants purposefully availed themselves to the County of Philadelphia, such that they are actively soliciting and performing business there.

39. At all relevant times, Defendants utilized vendors and supplies in Philadelphia County, Pennsylvania. Accordingly, Defendants have minimum contacts in Pennsylvania and within Philadelphia County.

40. At all relevant times, Defendants made all logistics decisions from the corporate headquarters in Pennsylvania.

41. At all relevant times, all policies and procedures for hiring, supervision and training emanated from and flowed through Defendants' corporate headquarters in Pennsylvania.

42. At all relevant times, all policies and procedures for carrier selection, load organization and optimization, routing, rates, lanes and invoicing emanated from and flowed through Defendants' corporate headquarters in Pennsylvania.

43. At all relevant times, upon information and belief, Defendants and Level Up Logistics, Inc. entered into a Transportation Service Provider Agreement ("TSPA").

44. Upon information and belief, the TSPA states that Level Up Logistics, Inc. will transport and make delivers on behalf of Defendants under Defendants' DOT operating authority.

45. Upon information and belief, the TPSA between Defendants and Level Up Logistics states that matters related to or occurring in connection with the TSPA shall be governed by, construed, interpreted and enforced in accordance with the substantive and

procedural laws of the Commonwealth of Pennsylvania, including its statutes of limitations, without giving effect to any choice of law or conflict of laws, rules or provisions.

46. The July 22, 2023 crash is an event related to and occurring in connection to the TSPA.

47. Therefore, upon information and belief, in accordance with the terms of the TSPA, Pennsylvania law will govern.

48. Moreover, venue is appropriate in this Court pursuant to Pa. R.C.P. 2179(a)(2) as Defendants "regularly" conducted business in Philadelphia County.

49. A corporation may perform acts "regularly" even though the acts make up a small portion of its total activities in the forum. Zampana-Barry v. Donaghue, 921 A.2d 500, 506 (2007).

50. Additionally, "in the venue context, 'regularly' does not mean 'principally', and a defendant 'may perform acts regularly even though these acts make up a small part of its total activities." Hangey v. Husqvarna Prof'l Prods., 247 A.3d 1136, 1141 (Pa. Super. 2021) *citing* Canter v. Am. Honda Motor Corp., 426 Pa. 38, 231 A.2d 140, 142 (Pa. 1967).

51. "As a matter of law, when a company maintains a constant physical presence in the forum county to perform acts that are 'directly[] furthering, or essential to, [its] corporate objects[,]' . . . its business activities are necessarily 'so continuous and sufficient to be termed general or habitual.'" Hangey v. Husqvarna Pro. Prods., 2023 Pa. LEXIS 1578, *64 (Pa. 2023).

**OPERATIVE FACTS COMMON TO ALL COUNTS**

52. The preceding paragraphs are incorporated herein as though fully set forth below.

53. On July 22, 2023, at or around 3:55 P.M., Mr. Korby was operating his 2008 Yamaha motorcycle bearing license plate #33329MG southbound on County Highway 22 approaching the intersection with Jewett Lake Road in Otter Tail County, Minnesota.

54. On July 22, 2023, at or around 3:55 P.M., Mr. Walls was operating the Mercedes owned, leased, and/or assigned by Defendants.

55. At this date and time, Mr. Walls was operating the Mercedes northbound on the same stretch of County Highway 22 at the intersection with Jewett Lake Road in Otter Tail County.

56. While attempting to execute the turn onto Jewett Lake Road, Mr. Walls became distracted by his iPad and did not see Mr. Korby is the oncoming lane of County Highway 22.

57. In fact, this is confirmed by Mr. Walls' testimony that while he was making the turn onto Jewett Lake Road from County Highway 22, he was distracted by the iPad that was mounted in his center console. See October 3, 2024 Transcript of Plea Hearing of Jacob Walls attached hereto as Exhibit B.

58. Unfortunately, Mr. Walls could not get across the oncoming lane fast enough, causing Mr. Korby to strike the passenger side of the Mercedes causing catastrophic and fatal injuries.

59. Mr. Walls testified that he saw Mr. Korby in the oncoming lane, looked down at his iPad and then attempted to make the turn. Id. at 9.



Case ID: 250702420

60. He further agreed that Mr. Korby struck his Mercedes because there was not enough time for Mr. Walls to make the turn onto Jewett Lake Road safely. Id.

61. Due to the impact with the Mercedes, Mr. Korby died at the scene of the crash on County Highway 22.



62. Mr. Walls pled guilty to Careless Driving on October 3, 2024. See Exhibit B.

63. In addition, Mr. Walls testified that his conscious actions/inactions on October 3, 2024 while operating the Mercedes were in conscious disregard to the rights and safety of others on the roadway.



Case ID: 250702420

Q. And do you agree that by kind of having that -- that distraction, by using that in that manner, and not being fully attentive to how those vehicles, the speed and the distance, that, that was a conscious disregard to the rights and safety of others on the roadway at that time?
A. Yes.
Q. And do you understand that as a result of that, the individual driving the motorcycle actually died as a result of the injuries from the crash?
A. Yeah (crying).

64. At all relevant times hereto, Mr. Walls operated the Mercedes in such a reckless, careless, and negligent manner, that he did not observe Mr. Korby in the oncoming lane of County Highway 22 ahead of him in the moments leading up to the crash.

65. As a result of the crash, as well as the negligence, carelessness, and recklessness of Defendants, the Estate of Michael Wayne Korby, Plaintiff, Nancy Korby, and the Decedent's three children, Chevelle (age 18), M.K. (age 12) and M.J.K. (age 9), have suffered and will continue to suffer substantial economic and non-economic injuries, damages and losses including, but not limited to:

a. Funeral and burial expenses;
b. Costs of Estate administration;
c. Profound psychological and emotional loss;
d. Conscious pain and suffering;
e. Loss of the comfort, care, and society of Mr. Korby; and
f. Such other injuries, damages and losses described more fully herein and compensable at law under the Wrongful Death Act and the

Survival Act, and the decisional law of this Commonwealth interpreting those Acts.

60. At all relevant times hereto, Mr. Korby acted in a safe, prudent, and reasonable manner and in no way contributed to the injuries or damages outlined herein.

61. At the time of the crash, Mr. Walls was operating the Mercedes in a distracted manner by looking at the iPad while turning across oncoming traffic.

62. Moreover, Defendants participated in, knew, or should have known that Mr. Walls was operating the Mercedes distracted and otherwise operating the Mercedes in an unsafe, dangerous and reckless condition in violation of the FMCSR and applicable state law.

63. At all relevant times, upon information and belief, Mr. Walls had an unsafe history of motor vehicle violations.

64. At all relevant times, Defendants knew of Mr. Walls' reckless and dangerous driving record and chose to hire him anyway.

65. This information was known and/or readily available to Defendants before the Crash that fatally killed Mr. Korby.

66. At all relevant times, upon information and belief, Defendants knew or should have known that Mr. Korby had a propensity for violations of unsafe driving.

67. Moreover, despite Mr. Walls' deplorable safety record, incompetence, and dangerous behavior, Defendants negligently, recklessly and with conscious disregard for the safety of the motoring public operated, selected, hired, retained, and/or assigned him to deliver goods to its customers using their vehicles.

68. At all relevant times, Defendants exercised complete control over the dispatching of the Mercedes driven by Mr. Walls at the time of the crash.

69. At all relevant times, Defendants exercised complete control over the routing of the Mercedes driven by Mr. Walls at the time of the crash.

## COUNT I

## WRONGFUL DEATH

## NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.

70. The preceding paragraphs are incorporated herein by reference as though fully set forth.

71. Under the Wrongful Death Act, Michael Wayne Korby, deceased, left surviving his heirs-at-law:

a. Chevelle Korby, residing at 788 4th Street, Audubon, MN 56511 (daughter);

b. M.K., age 12, residing at 788 4th Street, Audubon, MN 56511 (minor daughter); and

c. M.J.K., age 9, residing at 24630 County Highway 88, Fergus Falls, MN 56537 (minor son).

72. As a result of the negligent acts and omissions of Defendants as described more fully herein, Plaintiff's Decedent, Michael Wayne Korby, suffered catastrophic, permanent and fatal injuries and death resulting in the entitlement to damages by the aforementioned beneficiaries under the Wrongful Death Act.

73. Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, deceased, hereby claims the full measure of damages

recoverable under any by virtue of the Wrongful Death Act and the decisional law interpreting the Act.

74. Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, deceased, claims damages for the pecuniary loss suffered by reason of the death of Michael Wayne Korby, including but not limited to, damages for all medical expenses, funeral and burial expenses, and the costs of estate administration necessitated by the reason of the injuries which caused the death of Michael Wayne Korby.

75. Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, deceased, claims damages for the loss of maintenance, support, comfort, care, society, and/or other losses as specifically recognized under the Wrongful Death Act and its Pennsylvania case law progeny, including Rettger v. UPMC Shadyside, 2010 PA Super 41, P32, 991 A.2d 915, 933 (Pa. Super. 2010), including profound psychological and emotional loss, which they would have received from the decedent had his death not occurred.

**WHEREFORE**, Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, hereby seeks damages in an amount in excess of the sum requiring compulsory arbitration under the applicable statutes and laws of the Commonwealth of Pennsylvania and the local rules of Court, which includes compensatory damages.

## COUNT II

## SURVIVAL ACTION

**NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.**

76. The preceding paragraphs are incorporated herein by reference as though fully set forth.

77. Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, brings this Survival Action on behalf of Michael Wayne Korby under and by virtue of the Survival Act, 42 Pa. C.S.A. §8302, the applicable Rules of Civil Procedure and decisional law interpreting this Act.

78. As a result of the negligent acts and omissions of Defendants, as described more fully herein, Plaintiff's Decedent, Michael Wayne Korby suffered catastrophic, permanent and fatal injuries and death resulting in the entitlement to damages by the Estate of Michael Wayne Korby under the Survival Act.

79. Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, deceased, claims the full measure of damages recoverable under and by virtue of the Survival Act and the decisional law interpreting the Act.

80. On behalf of Decedent's Estate, Plaintiff claims damages for all economic losses to Decedent's Estate, as specifically recognized under the Survival Act and its Pennsylvania case law progeny, including the decedent's total estimated future earning capacity, less his personal maintenance costs.

81. On behalf of Decedent's estate, Plaintiff claims damages for the Decedent's physical discomfort, pain and suffering, loss of enjoyment of life and life's pleasures, and all other damages and losses recoverable specifically under the Survival Act and its Pennsylvania case law progeny interpreting the Act.

**WHEREFORE**, the Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, hereby seeks damages in an amount in excess of the sum requiring compulsory arbitration under the Survival Act, exclusive of pre-judgement interest, post-judgement interest and costs.

## COUNT III

## NEGLIGENCE/RECKLESSNESS

## NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC. as being vicariously liable for JACOB T. WALLS

82. The preceding paragraphs are incorporated herein as though fully set forth below.

83. The negligence, carelessness, and/or recklessness of Defendants, as being vicariously liable for the actions of Mr. Walls consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his Mercedes;

b. Failing to keep his eyes on the roadway ahead;

c. Failing to pay proper attention while operating his Mercedes on County Highway 22;

d. Failing to take proper precautions in the operation of his Mercedes so as to avoid the collision that occurred;

e. Operating his Mercedes in a negligent, careless and reckless manner without due regard to the rights and safety of Mr. Korby;

f. Failing to exercise due care and caution under all of the existing circumstances;

g. Failing to observe others in the roadway ahead of him;

h. Failing to remain alert;



Case ID: 250702420

i. Operating his Mercedes in a careless and distracted manner;

j. Violating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or commercial motor vehicles;

k. Failing to operate his Mercedes in accordance with the rules of the road;

l. Failing to make necessary and reasonable observations while operating his Mercedes;

m. Failing to timely apply his brakes;

n. Consciously choosing to drive distracted on public roadways when he knew or should have known that doing so posed a significant risk of harm or death to others lawfully using the roadway;

o. Consciously choosing to look at his iPad instead of the roadway prior to and during his execution of a left hand turn onto Jewett Lake Road;

p. Consciously choosing to disregard oncoming traffic then and there existing on the roadway;

q. Failing to perform a proper pre-trip inspection;

r. Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants;

s. Failing to apprise himself of and/or abide by the rules and laws for operating a motor vehicle;

t. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

u. Failing to properly control his Mercedes in light of the circumstances then and there existing on the roadway;

v. Failing to make necessary and reasonable observations while operating the Mercedes;

w. Failing to take evasive action and/or failing to take appropriate and timely evasive action to avoid the crash with Mr. Korby; and

x. Acting with a conscious disregard for the rights and safety of others, including Mr. Korby.

84. As a result of the above-stated acts and omissions, Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE** Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.00.

**COUNT IV**

**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / "NEGLIGENT SELECTION" OF JACOB T. WALLS**

**NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.**

85. The preceding paragraphs are incorporated herein as though fully set forth below.

86. Defendants had an obligation and duty to hire, retain and supervise drivers who operate their vehicles in a safe and prudent manner.

87. "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which involves a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." See Rest. (Second) Torts § 411.

88. Defendants had an obligation to exercise reasonable care in selecting a competent and careful driver to move and transport the subject load.

89. Mr. Korby was fatally killed as a result of the unsafe driving of Mr. Walls.



Case ID: 250702420

90. At all relevant times, Defendants were directly liable for the negligent and reckless hiring, supervision, and retention of Mr. Walls.

91. The negligence, carelessness, and/or recklessness of Defendants, in the hiring, supervision and retention of Mr. Walls consisted of the following:

a. Failing to properly train, monitor, and/or supervise its employees, drivers and/or agents including Mr. Walls;

b. Failing to train and/or properly train Mr. Walls prior to allowing him to operate the Mercedes;

c. Hiring and/or continuing to employ Mr. Walls despite the fact that he had a propensity for driving violations;

d. Hiring and/or continuing to employ Mr. Walls despite the fact that he had a propensity for violating the "Rules of the Road";

e. Failing to do preventable analysis;

f. Failing to monitor SRS scores and indicators;

g. Failing to have an appropriate disciplinary policy within their companies;

h. Hiring and/or continuing to employ Mr. Walls despite the fact that they knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

i. Permitting Mr. Walls to operate their Mercedes when it knew or should have known that he was not properly qualified and/or trained;

j. Allowing Mr. Walls to operate vehicles in its possession when they knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k. Failing to adopt appropriate employee manuals and/or training procedures;

l. Failing to enforce both written and unwritten policies of Defendants;

m. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;



Case ID: 250702420

n. Failing to implement and/or enforce an effective safety system;

o. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the rules and laws for operating motor vehicles on roadways;

p. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

q. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

r. Failing to monitor and/or regulate the actions of their drivers;

s. Failing to monitor and/or regulate the hours of their drivers;

t. Failing to have an auditing system in place to audit their drivers' logs, or if a system is in place, failing to use it appropriately;

u. Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

v. Placing more emphasis on profits than on safety of their drivers and the motoring public;

w. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

x. Failing to act upon and remedy known violations of industry standards;

y. Acting in a conscious disregard for the rights and safety of Michael Wayne Korby;

z. Failing to have appropriate policies and procedures with regard to hiring of drivers;

aa. Failing to follow the written and/or unwritten policies and procedures with regard to hiring of their drivers;

bb. Failing to have appropriate policies and procedures with regard to monitoring of their drivers;

cc. Failing to follow the written and/or unwritten policies and procedures with regard to monitoring their drivers;



Case ID: 250702420

dd. Consciously disregarding federal and state law regarding responsibilities of motor carriers and the operation of commercial vehicles;

ee. Failing to suspend, discipline, or provide remedial training to Mr. Walls prior to the Crash despite his history of unsafe driving practices; and

ff. Habitually and recklessly disregarding state and federal laws, regulations, and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to their unsafe commercial motor vehicle drivers like Mr. Walls.

92. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE** Plaintiff, Nancy Korby, as Personal Representative of the Estate of Michael Wayne Korby, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.00.

## COUNT V

## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION / "NEGLIGENT SELECTION" OF LEVEL UP LOGISTICS INC.

## NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.

93. The preceding paragraphs are incorporated herein as though fully set forth below.

94. Defendants had an obligation and duty to hire, retain and supervise drivers and motor carriers who operate their vehicles in a safe and prudent manner.



Case ID: 250702420

95. "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which involves a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." See Rest. (Second) Torts § 411.

96. Defendants had an obligation to exercise reasonable care in selecting a competent and careful driver and motor carrier to transport its goods in interstate commerce.

97. The Decedent was seriously, tragically, permanently, and fatally injured as a result of the unsafe driving of Mr. Walls.

98. At all relevant times, Defendants were directly liable for the negligent and reckless hiring, supervision, retention and selection of Level Up Logistics Inc.

99. Additionally, the negligence, carelessness, and/or recklessness of Defendants in the hiring, supervision, retention and selection of Level Up Logistics Inc., consisted of the following:

a. Failing to properly train, monitor, and/or supervise their employees, drivers and/or agents including Level Up Logistics Inc. and Mr. Walls;

b. Failing to train and/or properly train Mr. Walls prior to allowing him to operate their Mercedes;

c. Hiring and/or continuing to employ Level Up Logistics Inc. despite the fact that the company had a propensity for driving violations;

d. Hiring and/or continuing to employ Level Up Logistics Inc. despite the fact that the company had a propensity for violating the "Rules of the Road";

e. Failing to do preventable analysis;

f. Failing to monitor SRS scores and indicators;



Case ID: 250702420

g. Failing to have an appropriate disciplinary policy within the company;

h. Hiring and/or continuing to employ Level Up Logistics Inc. despite the fact that it knew or should have known that its propensity to break the vehicular rules could and/or would put the driving public at risk;

i. Permitting Level Up Logistics Inc. to carry their loads when they knew or should have known that the company was not properly qualified and/or trained;

j. Allowing Level Up Logistics Inc. to operate vehicles in their possession when they knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k. Failing to adopt appropriate employee manuals and/or training procedures;

l. Failing to enforce both written and unwritten policies of Defendants;

m. Failing to ensure that Level Up Logistics Inc.'s employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;

n. Failing to implement and/or enforce an effective safety system;

o. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the rules and laws for operating motor vehicles on roadways;

p. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

q. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

r. Failing to monitor and/or regulate the actions of its drivers;

s. Failing to monitor and/or regulate the hours of its drivers;

t. Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

u. Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

v. Failing to have policy and mechanisms in place to address cumulative fatigue in its drivers;

w. Placing more emphasis on profits than on safety of its drivers and the motoring public;

x. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

y. Failing to act upon and remedy known violations of industry standards;

z. Acting in a conscious disregard for the rights and safety of Michael Wayne Korby;

aa. Failing to have appropriate policies and procedures with regard to hiring of drivers;

bb. Failing to follow the written and/or unwritten policies and procedures with regard to hiring of its drivers;

cc. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

dd. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

ee. Consciously disregarding federal and state law regarding responsibilities of motor carriers and the operation of commercial vehicles;

ff. Failing to suspend, discipline, or provide remedial training to Level Up Logistics Inc. prior to the Crash despite its history of unsafe driving practices; and

gg. Habitually and recklessly disregarding state and federal laws, regulations, and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to unsafe commercial motor vehicle drivers like Mr. Walls.

100. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE** Plaintiff, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

## COUNT VI

## NEGLIGENT UNDERTAKING

## NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION

101. The preceding paragraphs are incorporated herein as though fully set forth below.

102. FedEx is subject to liability for the physical harm caused to third persons for its failure to exercise reasonable care to protect its undertakings.

103. FedEx had a contractual obligation to efficiently and safely transport goods in interstate commerce on July 22, 2023.

104. FedEx undertook, for consideration, a duty to render these services.

105. FedEx assumed an obligation to render transportation of goods in interstate commerce.

106. FedEx owed a duty of care to those third parties legally travelling on County Highway 22, including Mr. Korby on the date and time of the crash.

107. Upon information and belief, FedEx knew that both Level Up Logistics, Inc. and Mr. Walls had a history of unsafe driving violations.

108. By hiring a motor carrier and a driver with a history of unsafe driving violations, such as Level Up Logistics, Inc. and Mr. Walls, FedEx knew that the likelihood of Mr. Walls causing a crash increased exponentially.

109. FedEx failed to exercise reasonable care and increased the risk of harm in failing to adequately and safely transport goods on County Highway 22 on July 22, 2023.

110. Additionally, FedEx undertook the performance of said duties and was negligent in its undertaking in the following ways:

a. Failing to train and/or properly train Mr. Walls prior to allowing him to operate the Mercedes;

b. Hiring and/or continuing to employ Mr. Walls despite the fact that he had a propensity for driving violations;

c. Hiring and/or continuing to employ Mr. Walls despite the fact that she had a propensity for violating the "Rules of the Road";

d. Failing to do preventable analysis;

e. Failing to have an appropriate disciplinary policy within the company;

f. Hiring and/or continuing to employ Mr. Walls despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

g. Permitting Mr. Walls to operate their Mercedes when it knew or should have known that he was not properly qualified and/or trained;

h. Allowing Mr. Walls to operate vehicles in its possession when they knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

i. Failing to adopt appropriate employee manuals and/or training procedures;

j. Failing to enforce both written and unwritten policies of FedEx;



Case ID: 250702420

k. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of FedEx;

l. Failing to implement and/or enforce an effective safety system;

m. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the rules and laws for operating motor vehicles on roadways;

n. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

o. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

p. Failing to monitor and/or regulate the actions of its drivers;

q. Failing to monitor and/or regulate the hours of its drivers;

r. Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

s. Failing to use a 3rd party vendor to audit their drivers' logs, or if it did use a 3rd party vendor, failing to use it appropriately;

t. Placing more emphasis on profits than on safety of its drivers and the motoring public;

u. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

v. Failing to act upon and remedy known violations of industry standards;

w. Acting in a conscious disregard for the rights and safety of Michael Wayne Korby;

x. Failing to have appropriate policies and procedures with regard to hiring of drivers;

y. Failing to follow the written and/or unwritten policies and procedures with regard to hiring of their drivers;

z. Failing to have appropriate policies and procedures with regard to monitoring of its drivers;

aa. Failing to follow the written and/or unwritten policies and procedures with regard to monitoring its drivers;

bb. Consciously disregarding federal and state law regarding responsibilities of motor carriers and the operation of commercial vehicles;

cc. Failing to suspend, discipline, or provide remedial training to Mr. Walls prior to the Crash despite his history of unsafe driving practices; and

dd. Habitually and recklessly disregarding state and federal laws, regulations, and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Mr. Walls.

111. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE** Plaintiff, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

**COUNT VII**

**NEGLIGENT ENTRUSTMENT**

**NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.**

112. The preceding paragraphs are incorporated herein as though fully set forth below.

113. Defendants had a duty to use due care in choosing a careful and competent carrier and driver.

114. Defendants entrusted the Mercedes to Level Up Logistics and Mr. Walls despite the fact that Mr. Walls failed to possess the knowledge, skill, experience, available equipment and personal characteristics to operate the Mercedes reasonably and safely.

115. Defendants knew or should have known that Mr. Walls failed to possess the knowledge, skill, experience, available equipment and personal characteristics to transport goods without creating an unreasonable risk of injury to others.

116. Because Defendants entrusted the Mercedes to an incompetent driver, Defendants are liable for any negligent and/or reckless conduct of Mr. Walls.

117. Defendants were negligent entrusting the Mercedes to Mr. Walls, when they knew or should have known with the exercise of reasonable due care that Mr. Walls lacked the necessary skill, judgment, and/or prudence with which to operate the vehicle.

118. Defendants were negligent and/or reckless in entrusting the Mercedes to Mr. Walls, when they knew or should have known with the exercise of reasonable care that Mr. Walls had a propensity to cause motor vehicle collisions.

119. Defendants were negligent in entrusting the Mercedes to Mr. Walls, when they knew or should have known with the exercise of reasonable care that Mr. Walls had a propensity to violate the motor vehicle code.

120. At all relevant times, Defendants had a duty to ensure that they had appropriate hiring practices that put competent drivers behind the wheel.

121. Defendants knew or in the exercise of reasonable care should have known that entrusting the Mercedes to Mr. Walls would likely cause harm to the motoring public such as the harm that was caused on July 22, 2023 to Mr. Korby.

122. Defendants had a duty to entrust the Mercedes to an attentive and skilled driver.

123. Defendants failed to ensure that they hired and retained attentive skilled drivers.

124. Defendants had an obligation / duty to entrust the Mercedes to drivers who operate their vehicles in a safe manner.

125. Mr. Korby was killed as a result of the Defendants' unsafe entrustment of the Mercedes to Mr. Walls.

126. By entrusting the Mercedes to Mr. Walls, Defendants acted in conscious disregard to the rights and safety of Plaintiff.

127. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE** Plaintiff, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

## COUNT VIII

## JOINT VENTURE

## NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.

128. The preceding paragraphs are incorporated herein as though fully set forth below.

129. On the above-mentioned date, place and time, Defendants were engaged in a joint venture to deliver packages in interstate commerce for profit.

130. Upon information and belief, Mr. Walls was paid by Defendants for this transportation, including allowances for fuel costs.

131. Upon information and belief, Defendants are in contact through numerous means of communication, including, but not limited to, email, faxes, telephone, and mobile application to track the status of deliveries.

132. As a result of the transportation, Defendants earned, or intended to earn, a profit.

133. On the above-mentioned date, place and time, Defendants controlled the Mercedes through its duly authorized agent, servant, and/or employee, Mr. Walls.

134. On the above-mentioned date, place and time, Mr. Walls was performing a service for the benefit of Defendants, namely the delivery of goods and packages.

135. Defendants were aware that Mr. Walls was delivering these goods and packages.

136. Defendants had the right to control Mr. Walls in performing this service.

137. Defendants exercised this control over Mr. Walls in the manner described fully herein.

138. Defendants held out Mr. Walls as an agent, servant, and/or employee such that a reasonable person would conclude that Mr. Walls was an agent, servant, and/or employee of Defendants and they are vicariously liable for the acts and/or omissions of Mr. Walls.

139. As a direct and proximate cause of the above stated acts and omissions, Plaintiff suffered, inter alia, the serious, severe, permanent, and fatal injuries as has been previously stated herein.

**WHEREFORE** Plaintiff, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

## COUNT IX

## JOINT ENTERPRISE LIABLITY

## NANCY KORBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL WAYNE KORBY v. FEDERAL EXPRESS CORPORATION AND FEDEX SUPPLY CHAIN, INC.

140. The preceding paragraphs are incorporated herein as though fully set forth below.

141. On the above referenced date, place and time, Defendants were engaged in a joint enterprise to deliver goods and packages for profit.

142. Upon information and belief, Mr. Walls was paid by Defendants for this transportation, including allowances for fuel costs.

143. Upon information and belief, Defendants are in contact through numerous means of communication, including, but not limited to email, faxes, telephone, and mobile applications to track the status of deliveries.

144. As a result of the transportation of goods and packages on the above referenced date, place, and time, Defendants earned, or intended to earn a profit.

145. On the above referenced date, place and time Defendants controlled the Mercedes through its fully authorized agent, servant, and/or employee, Mr. Walls.



Case ID: 250702420

146. On the above referenced date, place and time, Mr. Walls was performing a service for the benefit of Defendants, namely the transportation of goods and packages in interstate commerce for profit.

147. Defendants were aware that Mr. Walls was transporting goods and packages for profit.

148. Defendants had the right to control Mr. Walls in performing these services.

149. Defendants exercised control over Mr. Walls in the manner described fully herein.

150. Defendants held out Mr. Walls as an agent, servant, and/or employee such that a reasonable person would conclude that Mr. Walls was an agent, servant, and/or employee of Defendants who are vicariously liable for the acts and/or omissions of Mr. Walls.

151. At all relevant times hereto, Defendants enjoyed unified administrative control as they participated in their full-service transportation and distribution activities to achieve their unified goal of transportation of goods and packages to their final destination in a timely fashion for profit.

152. At all relevant times hereto, Defendants enjoyed similar or supplementary business functions in their full-service transportation and distribution activities to achieve their unified goal of transportation of goods and packages to their final destination in a timely fashion for profit.

153. Defendants acted as “affiliated” or “sister” corporations possessing a common ownership and/or an administrative nexus. Mortimor v. McCool, 255 A.3d 262, 285 (Pa. 2021).

154. As affiliated or sister corporations engaging in a unitary commercial endeavor, Defendants are liable for each other's actions, debts, and/or judgments under the doctrine of enterprise liability. Id.

155. "Enterprise liability requires that the affiliates that the enterprise comprises have common owners and/or administrative nexus above the sister corporations." Id.

156. At all relevant times hereto, Defendants acted as affiliated or sister corporations possessing common ownership and/or an administrative nexus.

157. At all relevant times hereto, Defendants also acted as a joint venture and/or joint enterprise when operating their full-service transportation and distribution activities to achieve their unified goal of delivery of goods and packages to their proper destination in a timely fashion for profit.

158. At all relevant times hereto, upon information and belief, Defendants shared and/or utilized the same address and/or building premises, equipment, vehicles, trailers, accountants, attorneys, insurance agents, officers, directors and/or employees.

159. Upon information and belief, at all relevant times hereto, Defendants were responsible for operational management of their business and played an active role in the ongoing business activities of their business and had full authority to direct activities of their business.

160. Defendants shared in the profits that were generated and leased and/or owned a common facility from which they operated and shared equipment, office space, facilities, attorneys, accountants and insurance agents.

161. As a direct and proximate cause of the above stated acts and omissions, Mr. Korby suffered, *inter alia*, the serious, severe, and permanent injuries stated herein.

**WHEREFORE** Plaintiff, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

Respectfully submitted:

**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY: ______________________________

Edward J. Ciarimboli, Esquire
Job T. Stepanski, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444
*Counsel for Plaintiff*

Date: July 21, 2025