IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY KORBY, *as Personal* | : | CIVIL ACTION |
| *Representative of the ESTATE OF* | : | |
| *MICHAEL WAYNE KORBY, Deceased* | : | No. 25-4811 |
| | : | |
| v. | : | |
| | : | |
| FEDERAL EXPRESS CORPORATION | : | |
| and FEDEX SUPPLY CHAIN, INC. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                 **February 18, 2026**

Plaintiff Nancy Korby, as personal representative of the estate of Michael Wayne Korby,

brings this wrongful death action arising from a July 22, 2023 motor vehicle accident in Otter Tail

County, Minnesota. Plaintiff sued Defendants Federal Express Corporation and FedEx Supply

Chain, Inc. in the Philadelphia County Court of Common Pleas. Defendants then removed the

action to this Court based on diversity jurisdiction. Plaintiff now moves to remand the case to state

court, arguing removal violated the forum defendant rule because FedEx Supply Chain, Inc. is a

Pennsylvania citizen. Defendants oppose remand and move to dismiss for improper venue or,

alternatively, to transfer this case to the United States District Court for the District of Minnesota.

Because the parties are citizens of different states and the forum defendant rule does not apply,

Plaintiff's motion to remand will be denied. And because venue is improper in this District,

Defendants' motion to transfer will be granted and the case will be transferred to the District of

Minnesota.

**BACKGROUND**

On July 22, 2023, Michael Korby was driving a motorcycle southbound on County

Highway 22 in Otter Tail County, Minnesota, approaching Jewett Lake Road. Compl. ¶ 53, Dkt.

No. 1-1. At approximately the same time, Jacob Walls was driving a Mercedes vehicle "owned, leased, and/or assigned by Defendants" northbound on County Highway 22 and attempted a turn onto Jewett Lake Road. *Id.* ¶¶ 54-55. Plaintiff alleges Walls "became distracted by his iPad," failed to see Korby, and caused a collision that killed Korby at the scene. *Id.* ¶¶ 56-61.

Plaintiff is the personal representative of Michael Korby's estate. She filed suit in the Philadelphia County Court of Common Pleas on July 22, 2025, naming Federal Express Corporation and FedEx Supply Chain, Inc. as Defendants. *Id.* ¶¶ 1-10.  Defendants removed the case to federal court on August 21, 2025, asserting there is diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Minnesota and both Defendants are Delaware corporations with their principal places of business in Tennessee. Notice of Removal ¶¶ 9-14, Dkt. No. 1.

Plaintiff moves to remand, arguing the forum defendant rule bars removal because, contrary to Defendants' assertion, FedEx Supply Chain, Inc. is headquartered in Pittsburgh, Pennsylvania. Mot. Remand 2-11, Dkt. No. 11-1. Plaintiff relies on public-facing materials to support her contention that FedEx Supply Chain is a citizen of Pennsylvania: (1) the Federal Motor Carrier Safety Administration's (FMCSA) Safety and Fitness Electronic Records System (SAFER) listings showing a Pittsburgh address for FedEx Supply Chain, Inc.;[1] and (2) FedEx Corporation's 10-K filing for the fiscal year ended May 31, 2025, which shows "Supply Chain" is based in Pittsburgh.[2] *Id*. Defendants respond with a sworn declaration showing they are each

---

[1]      SAFER is an online database providing public access to motor carrier safety data. Federal Motor Carrier Safety Administration, https://safer.fmcsa.dot.gov/CompanySnapshot.aspx (last visited February 12, 2026).

[2]      A 10-K is a "Securities and Exchange Commission (SEC) periodic report that public companies file to disclose the material results of their business operations for their past fiscal years." Legal Information Institute, https://www.law.cornell.edu/wex/form_10-k (last visited February 12, 2026).

incorporated in Delaware and maintain their principal place of business in Tennessee. Defs.' Opp'n 4-6, Dkt. No. 13; Shahram A. Eslami Decl., Dkt. No. 13-1. Defendants also assert the "Supply Chain" referenced in the 10-K is a different entity—FedEx Supply Chain Distribution System, Inc.—not the named Defendant FedEx Supply Chain, Inc. Defs.' Opp'n 4-5.

Separately, Defendants move to dismiss the case for improper venue or, alternatively, to transfer it to the District of Minnesota. Defs.' Mot. Dismiss, Dkt. No. 9-1. Defendants argue none of the events giving rise to the claims occurred in Pennsylvania and identify Minnesota- and North Dakota-based witnesses, responders, and evidence tied to the crash and its investigation. *Id.* at 6-7. Plaintiff opposes the motion, arguing venue is proper in this District because "Supply Chain" is allegedly based in Pennsylvania and because Plaintiff pleads Pennsylvania-based corporate "policies and procedures" related to logistical decisions by Defendants. Pl.'s Opp'n 3-8, 11, Dkt. No. 10-1.

**LEGAL STANDARDS**

A defendant may remove a civil action filed in state court if the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Where removal rests on diversity jurisdiction, the defendant bears the burden to show complete diversity and amount in controversy requirements are satisfied. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Courts strictly construe removal statutes and resolve doubts in favor of remand. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

In a diversity case, removal is barred if any "properly joined and served" defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). A corporation is a citizen of its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," typically "the place

where [the] corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Diversity is determined at the time the complaint is filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

Venue lies in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district satisfying (1) or (2), any district where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Under § 1391(b)(2), the focus is on the location of the events or omissions giving rise to the claim, not where the defendant has general contacts. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). If venue is improper, the Court may dismiss the case or, "if it be in the interest of justice," transfer it to a district where the action could have been brought. 28 U.S.C. § 1406(a).

Even when venue is proper, courts may transfer a case to a district where the case might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The moving party bears the burden to show transfer is warranted. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In deciding whether to transfer a case, courts weigh various private and public factors, including the plaintiff's choice of forum, the defendant's preference, where the claim arose, the convenience of the parties and witnesses, access to sources of proof, practical considerations, court congestion, and local interests. *Id.* at 879-80.

**DISCUSSION**

Plaintiff argues removal violated the forum defendant rule because FedEx Supply Chain, Inc. is allegedly a Pennsylvania citizen based on Pittsburgh addresses that appear in some public-facing materials. Based on the record, the Court disagrees.

4

At the time the suit was filed and removed, Plaintiff was a citizen of Minnesota. Defendants have produced evidence that they are citizens of Delaware (state of incorporation) and Tennessee (principal place of business). Defendants' notice of removal pleads those citizenship facts for both entities. Defendants have also produced a sworn and signed declaration from Shahram A. Eslami who is the Staff Vice President for Securities and Corporate Law for FedEx Corporation—the parent company of Defendants. The declaration states that FedEx Supply Chain, Inc. maintains its headquarters and principal place of business in Memphis, Tennessee. That is the relevant "nerve center." *See Hertz Corp.*, 559 U.S. at 92-93. Plaintiff's 10-K document pertains to a different corporate entity, FedEx Supply Chain Distribution System, Inc., not the named Defendant FedEx Supply Chain, Inc. Furthermore, operational addresses like the address listed in SAFER do not show where a corporation's officers direct or coordinate activities under *Hertz*, and Plaintiff did not rebut Defendants' declaration with comparable corporate governance evidence. On this record, Defendants have carried their burden to establish that the forum defendant rule is inapplicable, as FedEx Supply Chain, Inc. is not a citizen of Pennsylvania and that there is complete diversity among the parties. The Court will therefore deny Plaintiff's motion to remand.

Defendants next argue venue is improper in this District and transfer to the District of Minnesota is warranted. The Court agrees. The case concerns a Minnesota crash, investigated by Minnesota authorities, which involved Minnesota emergency and post-accident services and Minnesota-centered evidence. Venue is thus improper under § 1391(b)(2) because no substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania (EDPA). Rather, the relevant events occurred entirely in the District of Minnesota, where this action could have been brought under § 1391(b)(2).

Venue is also improper under § 1391(b)(1) because Defendants do not "reside" in Pennsylvania for venue purposes on this record. And because venue is proper in the District of Minnesota under § 1391(b)(2), venue in the EDPA cannot be rescued through § 1391(b)(3). Venue in the EDPA is therefore improper under § 1391(b). As a result, transfer to the District of Minnesota under § 1406(a) serves the "interest of justice" because Minnesota is where the accident occurred and where the case could have been brought. 28 U.S.C. § 1406(a).

Even if venue were proper in the EDPA, the *Jumara* factors strongly favor a transfer to the District of Minnesota under § 1404(a). The crash occurred in Otter Tail County, Minnesota. The record identifies Minnesota- and North Dakota-based witnesses and responders, including crash scene witnesses, the Minnesota State Highway Patrol, ambulance services, and a local funeral home. Plaintiff is also a Minnesota citizen. These circumstances make Minnesota the most convenient forum for nonparty witnesses and for access to evidence tied to the crash and investigation. While the Court affords weight to Plaintiff's forum choice, that weight is reduced where, as here, the operative facts occurred outside Pennsylvania. *See, e.g., Seidman v. Hamilton Beach Brands, Inc.*, 787 F. Supp. 3d 25, 35-36 (E.D. Pa. 2025); *Aamco Transmission Inc. v. Johnson*, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009). Minnesota also has a strong local interest in adjudicating a fatal accident occurring on its roads and investigated by its authorities. *See Jumara*, 55 F.3d at 879-80. Balancing the private and public factors, Defendants have met their burden to show that transfer is appropriate under § 1404(a).

**CONCLUSION**

In sum, the Court denies Plaintiff's motion to remand because Defendants have established complete diversity of the parties. Because venue is improper in the EDPA, the Court grants

Defendants' motion to transfer this action to the District of Minnesota, where venue is proper under

§ 1391(b)(2).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.
